**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO.  A-0043-19T2

CHERYL FIGUEROA,

     Plaintiff-Respondent,

v.

FELIPE FIGUEROA,

     Defendant-Appellant.

_____

Submitted September 14, 2020 – Decided September 28, 2020

Before Judge Currier and DeAlmeida.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Middlesex County, Docket No. FM-12-2657-15.

Felipe Figueroa, appellant pro se.

Hoagland, Longo, Moran, Dunst & Doukas, LLP, attorneys for respondent (Richard J. Mirra, of counsel and on the brief).

PER CURIAM

In this matrimonial action, defendant Felipe Figueroa appeals from the June 21, 2019 order denying modification of the parties' Marital Settlement Agreement (MSA). We affirm.

The parties were divorced in July 2015. The Judgment of Divorce entered on that date incorporated a comprehensive, sixteen-page, signed and notarized MSA. Defendant did not appear in court on the date of the hearing.

In April 2019, defendant moved to modify twenty-three provisions of the MSA. In a supporting certification, defendant stated he was unrepresented by counsel during the matrimonial proceedings and he did not read the MSA before he signed it. In addition, defendant stated there were "significant changes of circumstances" that required the modification. However, his only assertion of a change in circumstances was that the parties' two children were almost four years older than they were at the time of the divorce.

The Family Part judge denied defendant's application in a June 21, 2019 order. The judge stated:

> Defendant's current [m]otion alleges that he was deceived during the divorce proceedings and otherwise did not understand what he was signing. However, [d]efendant offers no proof of same. Defendant seeks to modify the [MSA] by essentially rewriting it. Defendant argues that the aging of the children is a substantial change in circumstances that justifies a modification of the property settlement agreement.

The judge found defendant failed to demonstrate a change of circumstance as required under Lepis v. Lepis[1] and denied the motion.

On appeal, defendant asserts his motion before the trial court was "to modify custody and have other adjustments made accordingly." However, in support of this contention, he includes ten pages of "facts" in which he describes events that took place during the marriage and after the divorce that he believes require a revision of essentially every term of the MSA. As defendant only presents the issue of a change in custody before this court, we need not address any other terms of the MSA.

We are satisfied defendant has not met the procedural guidelines established in Lepis to modify the parties' consensual agreement regarding custody. Under Lepis, a party seeking modification must present evidence to demonstrate a prima facie case of changed circumstances. 83 N.J. at 157. As our court has stated, "not any change in circumstance will suffice; rather, the changed circumstances must be such 'as would warrant relief' from the provisions involved." Slawinski v. Nicholas, 448 N.J. Super. 25, 35 (App. Div. 2016) (quoting Lepis, 83 N.J. at 157).

Defendant has not presented any change in circumstances to satisfy the first Lepis prong. Asserting the children are four years older than when the

---

[1] 83 N.J. 139, 157 (1980).

A-0043-19T2

parties divorced is not enough to establish a need for relief from the parties' agreement under the MSA. As a result, we are satisfied the trial court did not err in denying defendant's motion.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0043-19T2